Alright, our next case is People v. Jaber. We have Mr. Evers for the appellant and Ms. Camden for the appellant. Counsel, when you are ready. Good morning, again, your honor. This case, I thought, started out as a simple 604D certificate issue. And then the state file was briefed by the discovery that they believe that it's a really big jurisdictional problem. And I don't think so. I think this court has jurisdiction. I think this court should remain under Rule 604D, fourth filing certificate. That would give my client, Mr. Jaber, an opportunity to have a hearing in the circuit court where he admittedly wants to have the circuit court reduce his sentence. That he believes that the sentence is improper and should be reduced in the discretion of the circuit court. He pled guilty on August 26th. Sentencing was on December 2nd. There was an agreement at the guilty plea hearing that the sentence would be capped at 17 years, making a 6-17 year term of imprisonment possible to be imposed upon him. To be determined within the discretion of the circuit court. And then he personally mailed to the circuit court, the circuit clerk, a motion to withdraw guilty plea on December 23rd. Proof of service shows mailing on December 23rd. That's well within the 30-day requirement of Rule 604D. Then his attorney and the circuit court filed a motion to reconsider the sentence on December 31st. Also within the 30-day requirement of Rule 604D. The state argues that there is no motion to withdraw guilty plea filed on time. My client's motion to withdraw guilty plea, a nullity. And that he is not allowed to file a motion. I think that's incorrect. He's up against the 30-day time limitation. He does know when his attorney might get to something, whether he still has an attorney. His mailing of it is perfectly appropriate. That it's been used by counsel is up to counsel. The state also says that it's a sham. Because it is just filed for purposes of getting a motion to reconsider decided or reviewed upon. And then for it eventually to come up to this court. But the sham part is just the procedural requirement. The state and the circuit court judge below all agree to this procedure. The state is taking a position. Do you think the state should stop because they agree to the procedure? Well, the state is certainly taking a different position than what it did below. Whether it's a stop, I'm not sure. There are very few cases on the matter. The state should not be allowed to change its position, in this case, on appeal before this court. So I believe that if you want to use the word stop, that would be all right. Certainly that they're changing positions is a concern. And the rule, Rule 604B, specifically allows for an appeal of an excessive sentence. If you read it, in the second and third sentences of Rule 604, it says, No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive. Unless the defendant within 30 days of the imposition of the sentence files a motion to withdraw guilty. When he did that, filed a motion to withdraw guilty plea, he does say to the circuit court that he really wants to have the sentence reviewed. And it seems to be that the clear language of 604B provides that you can appeal the excessiveness of the sentence that way. Now the state points to an appellate court decision in Haley. And we put in our reply brief that Haley was decided and then 604D was amended. And so 604D really has amended what this court has to look at. And so you have to look at Haley and say that really does not mean very much. Whether the state's argument that there has to be some good reason put in a motion to withdraw a guilty plea to justify calling a motion to withdraw a guilty plea, I don't see that. The defendant did come in, did say that he was filing this motion to withdraw a guilty plea because he wanted to have the sentence reviewed. That's what the Supreme Court rule requires that this motion to withdraw a guilty plea be filed. And it is the procedural mechanism. But allowing the court and the circuit court to reconsider its decision, that's up to the circuit court. And whether this court were eventually to say the sentence was excessive, that would be later on. Otherwise, Your Honor, we urge you to vacate the remand. Let me ask you about the Evans case. How do you distinguish the Evans case from the Faxon case? The what case? Evans was cited in the Supreme Court case 174 on my second, 334. Cited on page 5. Page 5? Yes. Failure to file a written motion to withdraw a plea of guilty and vacate the judgment specifying the grounds, therefore, 604D, precludes this court from hearing this appeal. And you're reading from page 5 of this brief, Your Honor? I am reading from page 5 of the state's brief. Because I don't see a candidate's case. Evans. On page 5, I see McDonald and Flowers and Evans. He means Evans on the top there. On my brief? No. States. Page 5, the first paragraph, Evans there. Right. Also cites Lender. Lender, yes. And Lender. You're looking at the reply brief. I'm looking at states. No, you've got everything. No, no. States. Well, I'm sorry, Your Honor. It's all right. I don't see it here. We may have different colors. What I see is they talk about Lender, McDonald, and Flowers. It's all right. I've got it. I've got it right here. We'll see what this can do. There you go. There you go. Is it at the top? Evans, right there. Evans, right there. Evans. I'm sorry. Okay. All right. That's what it is. It's all right. But, yes, Evans is a former case, and it's from 1996. And it talks about how Rule 604D was and how it was being served. And they talk about what is required under 604D at that time. But, again, after that, the Illinois Supreme Court amended Rule 604D. And in that, it specifically says that an excessive sentence, you have to do, you do have to file the motion to draw a guilty plea. But there are procedures in place for a review of the circuit court's discretion to impose sentence. Nobody in the circuit court ever tells a defendant that any sentence imposed upon him in the sentencing cap cases, that that is going to be unreviewable. Consequently, Your Honor, we'd ask you to reverse and remand for the circuit court to consider a 604D motion. Thank you, Counsel. Thank you, Your Honor. Ms. Gannon. Thank you, Your Honor. May it please the Court, Counsel, Jennifer Gannon on behalf of the people. Rule 604D says that a defendant who is unhappy with the sentence for which he negotiated and to which he agreed must move to withdraw that negotiated plea. And under Evans, if the defendant fails to comply with that motion requirement, this Court must dismiss the appeal. And I'll note that the Rule 604D amendments codified the Evans holding. In this case, the defendant's motion to, or purported motion to withdraw plea, was insufficient to comply with this motion requirement. And perhaps it's necessary to clarify what purported motion that is. The opening brief was based on the pro se motion. The reply brief took a different tack and was based solely on the paragraph 3 of the Counsel's timely filed motion to reduce sentence argument today from the defendant. It appears, again, to be based on the pro se motion. But for my purposes, it doesn't matter which purported motion we're talking about. My arguments apply in either case. Neither purported motion was sufficient to comply with this motion requirement. The issue before this Court is not whether Haley and cases like it were correctly decided. The issue is not whether a defendant must prevail on the motion to withdraw plea before, or negotiated plea before going on to consider the sentencing issue. The issue before this Court is how to tell whether a defendant has filed a motion to withdraw plea. How to tell whether something is or is not a motion to withdraw a negotiated plea and vacate the judgment. Do we determine that by looking at the label pasted at the top of the motion, or looking through the body of a motion to see whether the magic words appear within it? Or do we look at the relief that the defendant is requesting? We look to see whether the defendant seeks the withdrawal of the plea, the vacation of the judgment, and the return of all parties to the status quo ante, the status they occupied before the entry of the negotiated plea agreement. In this case, the purported motion was expressly contingent on the defendant's desire to proceed to sentencing, not a good faith motion seeking relief. Seeking the relief of the withdrawal of the plea and the vacation of the judgment. The relief that was being sought was the reduction of the sentence to a level even below that which was set at the sentencing cap of 17 years. At the trial level, did the State move to dismiss the motion to withdraw plea because it was insufficient, or did it simply allow the Court to rule on it? Your Honor, the State did simply allow the Court to rule on it. The defendant does say that the State agreed to the procedure below. Well, if the State would have filed a motion to dismiss his motion because it was insufficient, couldn't the defendant have amended his motion and cured that at the trial level? Well, Your Honor, the defendant didn't seek the withdrawal of the plea and the vacation. Well, he filed a motion he thought was satisfactory. The State didn't say anything. The judge ruled on it. If you had moved, not you, the State's attorney would have moved to dismiss it. The Court would have said, I grant it. I'll give you leave to amend your motion to comply with the rule. And we wouldn't have this problem if that would have been done at the trial level. The State allowed it to go by, said it's fine with us, let him rule on it. Well, Your Honor, I suppose my response to that is that a waiver is a limitation on the parties and not the Court, and that this Court retains the power to dismiss an appeal regardless of what the State did below. Although I will note that at pages 213 to 215, which are the pages the defendant's brief cites as support for his argument that the State agreed to the procedure below, the only thing that the State actually agreed to was that regardless of what happened at the hearing on the motion to reduce sentence, the sentencing cap of 17 years would continue to apply. This purported motion did not comply with the letter of Rule 604D, which in strict compliance with that rule is required. The rule says that the motion must specify the grounds therefore. And in this case, the purported motion only stated that it was filed on the grounds of sentence reduction or filed contingent on the limited purpose of procedurally allowing the motion to reduce sentence to be considered and granted. And this was a good example of the type of gamesmanship that the Illinois Supreme Court in Evans desired to stop. At this hearing, the defendant personally told the judge that he did not want to withdraw the plea. Defense counsel said that the defense wanted to enforce the 17-year sentencing cap while angling for a lower sentence than that to which the defendant agreed. Defense counsel admitted that the purported motion to withdraw plea was moot, and he withdrew it, but nonetheless requested and received a ruling on this withdrawn moot motion for the purpose of perfecting this appeal and because he believed that such a denial was a prerequisite to requesting the relief that he actually wanted, which was a reduction of the sentence. And as a final note, I want to note this, that the defendant is seeking remand for the compliance with the Rule 604D certification requirements. But what would that certification say? Would it say that the defense counsel had conferred with his client to ascertain his contentions of error in the plea proceedings and had found none? Because on the record, that's what such a certificate would say. And when you think about that, it shows the sham nature of this purported motion to withdraw plea. It shows that, in fact, there was no motion at all. It was not the relief that the defendant was seeking and shows why this court ought to dismiss this appeal. Thank you, Ms. Campbell. Was there anything in the pro se motion you talked about, a relief that picked up in the reply brief, something about whether it was timely filed under the mailbox moot? Right. Yes, Your Honor. Even if it was timely filed, it was still a notary because it was filed well. Was there an affidavit attached to the certificate of mailing or was it a certificate pursuant to 109? Do you know off the top of your head? That I am afraid I do not know off the top of my head. That's all right. Thank you, Your Honor. Thank you, Ms. Campbell. Mr. Everett, do you have a rebuttal? I have no rebuttal. I don't have any questions. All right, counsel. Thank you for your briefs and argument. The court will take the matter under advisement. And this decision will stand in a short recess.